# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ZIAD ELNAKA,

               Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,

               Agency.

DOCKET NUMBER
DA-0752-16-0344-I-1

DATE: December 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Ziad Elnaka</u>, Oklahoma City, Oklahoma, pro se.

<u>Telin W. Ozier</u>, Esquire, Midwest, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has petitioned for review of the July 11, 2016 initial decision in this appeal, which dismissed the appeal as settled. Initial Appeal File (IAF), Tab 13; Petition for Review (PFR) File, Tab 1. For the reasons set forth below, we VACATE the initial decision and again DISMISS the appeal as settled.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2      On September 21, 2016, after the initial decision became the final decision of the Board, the agency electronically filed a request to vacate the initial decision pursuant to a settlement agreement.  PFR File, Tab 1.  The submission included an "Amended and Revised Settlement Agreement" signed and dated by the parties on September 20, 2016.  *Id.*  The document provides, among other things, for vacature of the underlying initial decision and withdrawal of the appeal.  *Id.*  Because the finality date set forth in the initial decision had passed, the agency's submission was docketed as a petition for review of the initial decision.  PFR File, Tab 2.

¶3      Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board.  *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988).  We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms.  *See* PFR File, Tab 1.

¶4      In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction; that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter.  *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997).  We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—the indefinite suspension of a Federal employee in the competitive service—is within the Board's jurisdiction under 5 U.S.C. §§ 7511-7513.  IAF, Tab 5, 4(a).  Accordingly, we find that dismissal of the petition for appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶5      This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE PARTIES OF THEIR
### ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.